In the Matter of the Claim of GEORGE HUHN, Appellant, against FREEPORT LODGE B. P. O. ELKS # 1253 et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 28, 1943.

*Walter F. Forster* for appellant.

*Charles P. Barre* for respondents.

*Nathaniel L. Goldstein, Attorney-General,* for State Industrial Board, respondent.

HEFFERNAN, J. This is an appeal by claimant from an adverse decision of the State Industrial Board. The sole question is whether or not claimant's injuries arose out of and in the course of his employment.

Claimant prior to his accident had been employed by Freeport Lodge of Elks for a period of about fifteen years. He was also a member of the lodge and had been for about twenty-four years. Claimant's duties as a bartender required him to serve drinks from the bar to the members and guests. He was neither expected nor required to entertain the guests.

On the evening of January 24, 1941, the lodge furnished entertainment to which its members and the public were invited. About midnight four ladies, who had attended the entertainment, entered the barroom and seated themselves at a table in front of the bar. They ordered drinks which claimant served. Claimant then invited the ladies to have a drink on the house which they accepted. A juke machine was furnishing music and a couple were dancing. Claimant requested one of the ladies to dance with him. She declined. One of her companions, however, accepted the invitation.

The Board found, reversing the decision of the referee, that while in the act of dancing with a woman guest, claimant fell and suffered a fracture of the left femur. It also found that the accident did not arise out of and in the course of his employment. In the memorandum of reversal the Board said: " On January 25, 1941, the claimant was working as a bartender and at about 12:20 a. m. he asked a woman guest to dance. She took the position to dance and claimant put his arm about her and as she was attempting to take the first step, she felt his foot twist and he went down.

" The Board is of the opinion that when the claimant asked the woman guest to dance and started to do so, he stepped out of his employment and became a member of the club and that the accident did not arise out of and in the course of employment."

We think this case was correctly decided and that the decision of the State Industrial Board should be affirmed, but without costs.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Decision of the State Industrial Board affirmed, without costs.